## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-1364

JANE DOE I, an Oregon resident; JANE DOE II, a California resident; and JANE DOE III, a Michigan resident,

      Plaintiffs,

v.

DR. SHANE E. HOLLOWAY, M.D., a Texas resident; MELISSA HOLLOWAY, a Texas resident; JONATHAN HOLLOWAY, a Texas resident,

      Defendants.

---

## COMPLAINT AND JURY DEMAND

---

      Plaintiffs Jane Doe I, Jane Doe II, Jane Doe III (collectively, "Plaintiffs") bring this action against Defendants Dr. Shane E. Holloway ("Shane" or "Father"), Melissa Holloway ("Melissa" or "Mother") and Jonathan Holloway ("Jonathan" or "Son") and allege as follows:

### INTRODUCTION

      1.     This action arises out of the unlawful and intentional surveillance and invasion of privacy of three minor girls (college freshman) attending Colorado Christian University ("CCU") in Lakewood, Colorado. Each of the Plaintiffs (Jane Doe I, Jane Doe II and Jane Doe III) were invited to Defendants' 9,000 sq./ft residential mansion located at 7800 Valcour Drive in Amarillo, Texas (the "Holloway Residence") over the weekend of March 8, 2024. Plaintiffs were invited by Jonathan, a fellow freshman classmate at CCU at the time, and his Father and Mother. Jonathan had developed a friendship with Plaintiffs as fellow first year college students at CCU. Plaintiffs had also been made comfortable with Jonathan's parents, Shane and Melissa, following Shane and

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

Melissa treating Plaintiffs to a prayer-led dinner at a Mexican restaurant in Lakewood on February 17, 2024 during a Holloway family visit to the University.

2.      The trip to the Holloway Resisdence occurred seemingly without incident as the CCU students returned to CCU on Sunday, March 10, 2024 and returned to class on Monday, March 11, 2024.  In the weeks following the trip, however, Plaintiffs were shocked to discover that the FBI launched an investigation into their weekend trip to the Holloway Residence.

3.      As Plaintiffs had learned by early April of 2024, the FBI launched an investigation concerning acts of voyeurism by Jonathan using a secret camera hidden in the guest bathroom. Specifically, Plaintiffs learned that the FBI was investigating Jonathan's secret videorecording of the female guests—all young, unmarried college girls—while the girls used the guest bathroom shower.  As he would ultimately admit to Plaintiffs by mid-April 2024, Jonathan had placed a hidden camera in the guest bathroom that connected wirelessly to his cell phone and which allowed him to record his female college friends while they used the bathroom, including the shower.

4.      Unbeknownst to Plaintiffs, but as Shane and Melissa were aware long before, Jonathan had a history of pornography addiction and voyeurism.  Shane and Melissa, however, made no disclosure to Plaintiffs at any point before (or after) all of the Defendants invited young college co-ed's to their home.

5.      During the course of events the weekend of March 8, 2024, Shane discovered the camera in the guest bathroom.  According to Jonathan, this discovery occurred at some point during the evening of Saturday, March 9, 2024.  According to Jonathan, his father destroyed the camera after finding it.  Still, even after the camera was discovered, neither Shane nor Melissa made any disclosure to the young women who continued to stay in the home, and use the bathroom

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11

in question into Sunday, March 10 following church services at Hillside Christian Church, the Holloway's family church in Amarillo.

6.      On information and belief, Jonathan has been convicted of one or more crimes as concerns another guest ("Jane Doe IV"), who is a friend of Jane Doe III, and who also stayed at the Holloway Residence with Plaintiffs the weekend of March 8, 2024.

7.      Despite multiple opportunities, Shane and Melissa have declined to engage with Plaintiffs or their families about the events at their residence and have refused to take any responsibility for what occurred in their home.  Plaintiffs have never filed a lawsuit of any kind, but Defendants have declined to engage in this matter and have, instead, chosen to go about their life without further discussion with Plaintiffs and Plaintiffs' families, each of whom have been traumatized by the breach of trust among friends at an outwardly Christian home in Amarillo.

8.      By this action, Plaintiffs assert various common law and statutory claims stemming from the acts of perversion and invasion of privacy at the Holloway Residence over the weekend of March 8, 2024.

**PARTIES**

9.      Jane Doe I is a minor female.  Jane Doe I is a citizen of the State of Oregon residing in Lakewood, Colorado for college.  Jane Doe I was a college freshman at CCU at the time of the events in question.  Jane Doe I is a college sophomore at CCU at the time of the filing of this action.  Because of the sensitive nature of the allegations, Jane Doe I's identity is stated anonymously.

10.      Jane Doe II is a minor female.  Jane Doe II is a citizen of the State of California who resides in Lakewood, Colorado for college.  Jane Doe II was a college freshman at CCU at

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11

the time of the events in question.  Jane Doe II is a college sophomore at CCU at the time of the filing of this action.  Because of the sensitive nature of the allegations, Jane Doe II's identity is stated anonymously.

11.     Jane Doe III is a minor female.  Jane Doe III is a citizen of the State of Michigan and resides in Lakewood, Colorado for college.  Jane Doe III was a college freshman at CCU at the time of the events in question.  Jane Doe III is a college sophomore at CCU at the time of the filing of this action.  Because of the sensitive nature of the allegations, Jane Doe III's identity is stated anonymously.

12.     Jonathan is a resident of the State of Texas (Randall County).  On information and belief, as of the date of the filing of this action, Jonathan is in custody serving one or more felony convictions relating to illicit nude recording of Jane Doe IV in the same bathroom over the same weekend gathering at issue in this action, as well as other similar, wrongful acts as concern other victims.  On information and belief, as of the date of the filing of this action, Jonathan is detained at the Formby correctional facility located in Plainview, Texas.  Public records confirm Jonathan pled guilty to multiple counts of felony invasive visual recording.[1]

13.     Shane is a medical doctor and a resident of the State of Texas (Randall County). Shane is married to Melissa.

---

[1] *See State of Texas v. Holloway*, Randall County Case Nos. 33912B (guilty plea and conviction, two counts); *State of Texas v. Holloway*, Randall County Case Nos. 33986B (guilty plea and conviction, one count); *State of Texas v. Holloway*, Randall County Case Nos. 33913B (guilty plea and conviction, one count); *State of Texas v. Holloway*, Randall County Case Nos. 33983B (guilty plea and conviction, one count); *State of Texas v. Holloway*, Randall County Case Nos. 33984B (guilty plea and conviction, two counts); and *State of Texas v. Holloway*, Randall County Case Nos. 33985B.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11

14.     Melissa is a travel advisor, homemaker and a resident of the State of Texas (Randall County).  Melissa is married to Shane.

## JURISDICTION AND VENUE

15.     This Court has personal jurisdiction over Defendants.

16.     Jonathan developed friendships with Plaintiffs, and engaged in activities on and about the college campus of CCU in Lakewood, Colorado in early 2024 intended to develop trust and comfort with Jonathan and his family.  Defendants also met with and dined with Plaintiffs at CCU in Lakewood, Colorado in February of 2024.  That dinner, held February 17, 2024 at Chuy's Tex-Mex in Lakewood, included Shane and Melissa's other minor children.  That dinner, which was led with a prayer, tended to generate or groom within Plaintiffs a sense of trust and assurance that the Holloway Residence would be a safe, Christian home suitable for overnight visiting and socialization by unmarried, college-age women.  Defendants invited Plaintiffs to their home at that dinner.  While Plaintiffs were on campus at CCU, and before accepting the invitation to travel to Amarillo for the weekend at the Holloway Residence, Defendants also gave Plaintiffs a specific assurance that there would be a parental presence at the Holloway Residence during the weekend. Those assurances were a substantial factor in the decision by Plaintiffs—as unmarried young women—to travel out-of-state to the Holloway Residence for an overnight weekend stay.

17.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and/or 28 U.S.C §1348 because there is complete diversity of citizenship among the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

18.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events and omissions giving rise to the claims at issue occurred within this

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11

district. Additionally, at various times material to this action, Jonathan resided at CCU (Lakewood, Colorado) and made statements and misrepresentations to Plaintiffs on the campus of CCU. While attending and present at CCU, Jonathan also hacked into a student's cell phone to steal and post to the Internet partially nude photos of Jane Doe III, as alleged further below.

## FACTUAL ALLEGATIONS

19.     In the weeks leading up to the weekend of March 8, 2024, Defendants invited Jane Does I-III to their family home in Amarillo, Texas (referenced above as the "Holloway Residence"). The Holloway Residence is a 9,000 sq./ft. home with six (6) bedrooms. The Holloway Residence is a large estate in a nice neighborhood that projects a sense of welcome and safety to those who would enter:



20.     Starting in January of 2024, Jonathan and Plaintiffs, all college freshman at the time, had become friends at CCU. Jonathan and Plaintiffs were outwardly Christian in their worldview and faith, and shared openly with one another about academic matters, life goals, and spiritual matters. Over the winter of 2024, Jonathan and Plaintiffs participated in religious and

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11

worship services together in and around CCU.  During that period of time, Jonathan and Plaintiffs developed meaningful college friendships together.

21.     Shortly after the start of their second semester of college, the Holloway family was in Lakewood, Colorado visiting.  On February 17, 2024, Shane and Melissa invited Plaintiffs to join them, Jonathan, and Shane and Melissa's younger children (Olivia and Sophia Holloway) for dinner.  Shane and Melissa treated Plaintiffs to dinner that evening.  The meal began with a prayer. As a result of the meal, Plaintiffs developed a sense of trust with Shane and Melissa.  At the meal, there was discussion of Defendants' home in Amarillo.  At the dinner, Melissa and Shane suggested the possibility of Plaintiffs coming to Amarillo for an overnight stay.

22.     In the weeks following the dinner, Defendants invited Plaintiffs to travel to Amarillo to stay at the Holloway Residence.  In those discussions, it was specifically discussed that Shane and Melissa would be present at the home during the stay.  This representation was material to Plaintiffs' ultimate decision to accept the invitation, as Plaintiffs were (and are) unmarried women who would not stay at the home of a college co-ed without the presence of his parents.  The stay at the Holloway Residence in March of 2024 was the first time one or more of the Plaintiffs had ever in their lives slept overnight at a boy's home.

23.     Plaintiffs stayed in the same bedroom with one another in the Holloway Residence. The bedroom in question had an associated bathroom.  The guest bathroom in question is one of nine (9) bathrooms in Defendants' mansion residence.  The guest bathroom in question could not be accessed without going through the bedroom used by the girls that weekend for dressing and sleeping.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11

24.     The guest bathroom in question is a lovely and inviting bath, clean and well-kept, with fresh and folded towels hand-delivered to Plaintiffs by Melissa.  There is a single door to the bathroom, which bears a privacy lock.  The bathroom was presented to Plaintiffs by Defendants as available for their private use as overnight guests in the Holloway home.  The room, as shown in the photos below, in no manner suggests it is open to view by any onlooker:



25.     Plaintiffs arrived at the Holloway Residence at around 7:00-7:30 PM (Central Time) on March 8, 2024.  Jane Doe I and Jane Doe II arrived first in one car, driven by Jonathan from CCU.  Jane Doe III arrived second, in a car driven by another (male) friend of Jonathan present on the trip.  Plaintiffs were eventually welcomed by Shane and Melissa.  Jonathan's younger sisters and younger brother were also present at the house when the girls arrived.  Melissa and Jonathan gave Plaintiffs a tour of the house soon after all the Plaintiffs arrived.  The group ate dinner at the Holloway Residence from approximately 7:45-8:00 PM (Central).  Shane joined in the dinner after arriving home from work that evening.

26.     After dinner, a suggestion was made to use the Holloway hot tub.  Plaintiffs agreed.  Toward that end, Jane Does I-IV changed into their swimsuits (using the bathroom in question).

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11

Plaintiffs got into the Holloway hot tub. Jonathan was absent for the first 15-20 minutes, although Plaintiffs had no reason to think Jonathan would be doing anything inappropriate during this time (or at any other point in time during the weekend).

27.     Jane Doe I and Jane Doe II left the hot tub first, at approximately 9:45 PM. From there, Jane Doe I and Jane Doe II took turns using the bathroom to rinse off and prepare for bed. Jane Doe I and Jane Doe II then went to the kitchen/family area of the home, where a discussion was had with Melissa over where certain food was located. (This food was to be taken the following day, March 9, 2024, on an excursion to a separate "ranch" property owned by the Holloways over sixty (60) miles away). Jane Does III-IV remained in the hot tub longer, leaving around 10:00 PM. After leaving the hot tub, Jane Does III and IV showered to rinse off before bed.

28.     Jonathan left the hot tub after Jane Doe I and II, but before Jane Does III-IV left the hot tub. Jonathan did not speak further with Jane Does I-IV that evening after Jonathan left the hot tub. Plaintiffs were told that Jonathan reportedly went to bed early and alone. Plaintiffs did not think anything of it at the time.

29.     The next day, March 9, 2024, Plaintiffs and Jane Doe IV awoke and went to the kitchen, where Melissa was present. During breakfast, Melissa told Jane Does I-IV that Shane had already left the home to go to work and that she was leaving the home for a sporting event involving another of her children. Melissa then departed the home, thereby leaving Jonathan in the home without parental supervision.

30.     After breakfast on March 9, 2024, Jane Does I, II and IV went on a walk, while Jane Doe III stayed at the home to get ready for the trip to the "ranch". Jonathan was supposed to

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

go on a run that morning (as a track athlete for CCU), but did not do so. Jane Does I, II and IV returned from their walk at approximately 10:50 AM. Jonathan and the guests then loaded two vehicles for traveling to the family "ranch". Jonathan drove his father's car to the ranch, joined by Jane Does I and II as passengers. Although nothing was thought of it at the time, Jane Does I and II waited in the car for approximately 25 minutes before leaving. During this period of time, Jonathan was in the Holloway Residence alone.

31.    The Holloway family "ranch" is approximately a 1.5 hour drive from the Holloway Residence. The time spent at the family ranch was engaging and entertaining and did nothing but build further trust between Plaintiffs and Defendants. The day at the "ranch" was spent riding dirt bikes and four-wheelers, fishing, shooting guns, eating snacks inside the cabin house, and socializing.

32.    The group returned from the Holloway family "ranch" at approximately 9:50 PM on March 9, 2024. Jane Does I and II, and Jonathan, arrived at the Holloway Residence about 15 minutes before Jane Doe III and the others. Melissa had ordered Mexican takeout for dinner, and Shane was not yet home from work when the group arrived back at the residence. While the girls were waiting for dinner to arrive, Jane Doe II showered, and Jane Doe I showered immediately after. By the time these showers were complete, Jane Does III and IV and the other guests had arrived and were in the kitchen, still covered in dirt from the ranch. Shane arrived back home during dinner and the group ate together.

33.    Following dinner, Jane Does III and IV took turns showering in the shower in question. Jane Does I and II went to bed while Jane Does III and IV took showers. During the showering time of Jane Does III and IV, no male person entered the bedroom or bathroom in

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11

question.  Any such entry would have been noticed by Jane Does I and II, who were in bed in the adjoining bedroom at the time of Jane Does III and IV's showers.

34.     At various points in time between March 8, 2024 and March 10, 2024, Jonathan secretly recorded Plaintiffs while Plaintiffs used the guest bathroom at the Holloway Residence. Jonathan secretly recorded Plaintiffs using a remote control camera hidden in the bathroom.  The door to the shower in question is glass (see-through).  Jonathan recorded Plaintiffs for his personal and perverse sexual and personal gratification.  Jonathan posted secret videos of Plaintiffs to the Internet via the "dark web".

35.     As a result of investigation by the FBI, the FBI affirmatively confirmed that Jonathan videotaped Jane Doe IV showering in the bathroom on March 9, 2024 and posted video footage on the dark web.

36.     Weeks later and after being confronted by Plaintiffs about the pending FBI investigation, Jonathan denied posting any videos of Plaintiffs.  Jonathan also stated that his father, Shane, discovered and destroyed the camera in the bathroom on Saturday evening.    Plaintiffs never saw any camera in the guest bathroom during their stay and at no point during the stay were alerted, or had any reason to believe, they were being filmed.  There were numerous points in time during the weekend when Jonathan was present at the Holloway Residence but not present with Plaintiffs or the other guests.

37.     The following morning (March 10, 2024) was a Sunday.  During the course of the weekend, it was discussed that the entire group (including Shane and Melissa) would go to church at Hillside Christian Church, the Holloway's family church in Amarillo.  Jane Does I and II awoke at approximately 8:00 AM (Central) to get ready for church, with Jane Does III and IV waking up

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11

slightly later.  Plaintiffs and Jane Does I-IV all prepared for church that morning, needing to arrive at the church in Amarillo for services commencing at or around 9:30 AM.

38.     Plaintiffs each saw Melissa and Shane that morning as they readied for church. However, Jonathan was not present in the morning.  Jane Doe III and some of the other guests went roaming about the Holloway Residence trying to find Jonathan, but Jonathan could not be found.  Plaintiffs found Jonathan's absence peculiar, but did not suspect anything untoward.  By around 9:00 AM that morning, there was some commotion between Jonathan, Melissa and Shane. Plaintiffs assumed it was a disagreement over how transportation to church would work, but seemingly Jonathan and his parents were fighting.  Ultimately, Jonathan drove Jane Does I and II to church, with that group arriving approximately ten minutes late for church services.  Jane Doe III and the other guests arrived shortly thereafter.  Despite prior indications Melissa and Shane would be attending church services, they did not join for services, even though all of their guests and all of their children attended services.

39.     After church, the group returned to the Holloway Residence and began packing up to return to CCU.  Packing up should not have taken any substantial period of time, but Jonathan took upwards of two hours to ready his car for the return trip, spending much of that time alone or out-of-sight from Plaintiffs and the other guests.  At the time, Plaintiffs did not understand why it was taking Jonathan so long to ready for the return trip.

40.     Before the group departed for CCU, Melissa told Plaintiffs that she loves hosting people and that Plaintiffs are invited to return at any time.  Shane was present during this discussion.  During this discussion, Shane and Melissa said nothing about Jonathan's videotaping of the girls or Shane's discovery and destruction of a secret camera.

-12-

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

41.     Plaintiffs learned of Jonathan's secret videotaping of the guest bathroom in April of 2024, in connection with the FBI investigation.  Plaintiffs confronted Jonathan about the allegations, and expressed how extremely hurt, distressed and violated they felt to be secretly recorded while naked in a bathroom.  In response, Jonathan admitted to placing a video camera in the guest bathroom and to recording to his phone without permission.  As Jonathan admitted, "I don't know what the FBI [told Jane Doe IV].  What I can tell you is this.  I recorded people with a hidden camera, and to keep it off my phone to where my roommates or other people would not find it, I posted it to a website, where the FBI picked up on it and started their investigation."

42.     On April 4, 2024, Jonathan also admitted to Jane Doe III that he had separately obtained different partially nude pictures of Jane Doe III, not taken at the Holloway Residence, but instead by breaking into a third-party's cell phone.  Jonathan admitted to Jane Doe III that he (Jonathan) then posted the partially nude pictures of Jane Doe III stolen from a cell phone to a porn website.  Jonathan broke into the cell phone in question, and posted to the Internet, while present at the CCU campus in Lakewood, Colorado.

43.     On April 14, 2024, and with knowledge that Plaintiffs had learned about Jonathan's unlawful videorecording in Amarillo, Jonathan delivered a handwritten letter to Jane Doe I. Jonathan delivered this letter to Jane Doe I at CCU in Lakewood, Colorado.  In the letter, Jonathan suggested (among other things) that Jane Doe I "reconnect" with him.

44.     On April 14, 2024, and with knowledge that Plaintiffs had learned about Jonathan's unlawful videorecording in Amarillo, Jonathan came to Jane Doe II's college dormitory and invited Jane Doe II back to the Holloway Residence and the family ranch.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

45.     Plaintiffs would later learn that Jonathan has a long history of pornography addiction and voyeurism.  Jonathan has been the subject of multiple criminal proceedings and has numerous established victims.  Shane and Melissa were aware of Jonathan's history and prior victims long before Defendants invited Plaintiffs to the Holloway Residence in March of 2024. According to Jonathan, Shane, Melissa and Jonathan had previously participated in family counseling together concerning sexual matters following infidelity events by Shane several years before.  Based on candid conversations with Jonathan, Plaintiffs are aware that Jonathan grew up with an awareness of his father's sexual misconduct and that it impacted his upbringing.

46.     At no point before (or after) the March 8, 2024 weekend stay at the Holloway Residence did Shane or Melissa disclose to Plaintiffs that their son had perverse tendencies and engaged in hidden camera voyeurism.  Shane and Melissa also knowingly sent their son to a conservative Christian university (CCU) without disclosure and knowing that doing so placed young women at risk.

## FIRST CLAIM FOR RELIEF
### (Unlawful Disclosure or Promotion of Intimate Visual Material)
### (Against Jonathan)

47.     Plaintiffs incorporate the preceding allegations.

48.     Jonathan secretly recorded Jane Does I-III, without their permission, while Jane Does I-III showered in a guest shower at the Holloway Residence.  Plaintiffs were nude at the time.  Jonathan viewed the video recordings for his own sexual pleasure and posted them to the Internet.

49.     Jonathan had no right or permission to videorecord Plaintiffs as they showered, and Jonathan knew doing so was wrongful at the time.

-14-

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

50.     Jonathan also stole partially nude photographs of Jane Doe III by breaking into a cell phone of a third-party.  Jonathan then wrongfully posted those photographs to the Internet.

51.     The video recordings and photographs in question constitute "intimate visual material" within the meaning of Section 98B.001 of the Texas Civil Practice and Remedies Code (the "Revenge Porn Act" or the "Act").

52.     Jonathan's promotion of intimate visual material depicting Plaintiffs is unlawful, and subjects Jonathan to a damages award, because: (a) Jonathan disclosed the intimate visual material without Plaintiffs' consent and with the intent of harming each of the Plaintiffs; (b) at the time of the disclosure, Jonathan knew or had reason to believe that the intimate visual material was obtained or created under circumstances in which the depicted person had a reasonable expectation that the material would remain private; (c) the disclosure of the intimate visual material has caused harm to the depicted persons; and (d) the disclosure revealed the identity of the depicted person by disclosure of their face and body.  Additionally, Jonathan promoted intimate visual material to the Internet knowing the character and content of the material.

53.     Pursuant to Section 98B.003 of the Act, Plaintiffs are entitled to actual damages (including damages for mental anguish), court costs, and reasonable attorney's fees.

**SECOND CLAIM FOR RELIEF**
**(Negligence)**
**(Against Shane and Melissa)**

54.     Plaintiffs incorporate the preceding allegations.

55.     Shane and Melissa invited young, unmarried women (minors) to stay at their home knowing that their son, Jonathan, had perverse tendencies to secretly record young women and girls in the nude.

-15-

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

56.     Shane and Melissa have a generalized duty to avoid foreseeable harm to others.

57.     Shane and Melissa were negligent, and caused Plaintiffs physical harm and emotional distress, in one or more of the following particulars:

    a.  Failing to warn Plaintiffs of Jonathan's perversions in connection with the planning of the March 2024 trip;

    b.  Failing to warn Plaintiffs of Jonathan's perversions upon Plaintiffs' arrival at the Holloway Residence on March 8, 2024;

    c.  Leaving Jonathan alone in the home unsupervised with young, unmarried women also present in the home;

    d.  Leaving Jonathan alone in the home unsupervised after representing, directly or indirectly, to Plaintiffs and Plaintiffs' families that Shane and Melissa would be present in the home while Plaintiffs were present;

    e.  Failing to warn Plaintiffs of Jonathan's perversions, and failing to immediately disband the weekend, after learning by no later than Saturday evening (March 9, 2024) that Jonathan had placed a remote controlled video camera in the guest bathroom of their home;

    f.  Entrusting Jonathan to roam freely in the home, knowing of his proclivities while young, unmarried women were present;

    g.  Sending Jonathan to a conservative Christian university without warning or disclosure to the University, University housing staff, or other professionals that Jonathan demonstrated perverse proclivities harmful to minors;

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

-16-

h.   Removing or causing to be removed realtor photographs and videos of the Holloway Residence, including photographs of the bathroom in question, as part of a scheme to cover-up and disable investigation into Jonathan's wrongful and unlawful conduct; and

i.   Destroying the video camera used by Jonathan to engage in illicit and unlawful behavior.

58.   Additionally, under governing law, a premises owner is negligent to an invitee of the property if the condition of the premises poses an unreasonable risk of harm, the owner knew or should have known of the danger, and the premises owner failed to exercise ordinary care to protect its invitee from the danger, by both failing to adequately warn the invitee of the condition and failing to make the condition reasonably safe.  Shane and Melissa were negligent to Plaintiffs, as their social invitees, by failing to warn Plaintiffs of the dangers posed by their Son's proclivities. Shane and Melissa were also negligent in failing to make the bedroom and guest bathroom safe from Jonathan's voyeurism.  For example, Shane and Melissa failed to timely inspect for hidden cameras.

59.   As a direct and proximate result of Shane and Melissa's negligence, Plaintiffs suffered damages.

60.   Plaintiff's damages total no less than $1,000,000 each, for a total of no less than $3,000,000.  Plaintiffs shall prove the amount of their damages at trial.

61.   Given the willful and wanton nature of Shane and Melissa's negligence and non-disclosures, Plaintiffs should additionally be awarded punitive or exemplary damages in an additional amount to be determined by the jury.  A mother always knows.

-17-

1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11

h.   Removing or causing to be removed realtor photographs and videos of the Holloway Residence, including photographs of the bathroom in question, as part of a scheme to cover-up and disable investigation into Jonathan's wrongful and unlawful conduct; and

i.   Destroying the video camera used by Jonathan to engage in illicit and unlawful behavior.

58.   Additionally, under governing law, a premises owner is negligent to an invitee of the property if the condition of the premises poses an unreasonable risk of harm, the owner knew or should have known of the danger, and the premises owner failed to exercise ordinary care to protect its invitee from the danger, by both failing to adequately warn the invitee of the condition and failing to make the condition reasonably safe.  Shane and Melissa were negligent to Plaintiffs, as their social invitees, by failing to warn Plaintiffs of the dangers posed by their Son's proclivities. Shane and Melissa were also negligent in failing to make the bedroom and guest bathroom safe from Jonathan's voyeurism.  For example, Shane and Melissa failed to timely inspect for hidden cameras.

59.   As a direct and proximate result of Shane and Melissa's negligence, Plaintiffs suffered damages.

60.   Plaintiff's damages total no less than $1,000,000 each, for a total of no less than $3,000,000.  Plaintiffs shall prove the amount of their damages at trial.

61.   Given the willful and wanton nature of Shane and Melissa's negligence and non-disclosures, Plaintiffs should additionally be awarded punitive or exemplary damages in an additional amount to be determined by the jury.  A mother always knows.

-17-

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11

## THIRD CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)
### (Against All Defendants)

62.     Plaintiffs incorporate the preceding allegations.

63.     Jonathan invaded Plaintiffs' privacy by intruding upon their solitude when Defendant filmed them and/or permitted filming of them with hidden cameras, in various stages of undress, without Plaintiffs' knowledge or consent in the guest bathroom.  As guests staying at the Holloway Residence, Plaintiffs had a reasonable expectation of privacy in these places.

64.     The intrusion of secretly filming someone with hidden cameras in the bathroom to capture them while changing clothes, using the restroom, and/or in the shower, would be highly offensive to a reasonable person, in that a reasonable person would not expect to be secretly videotaped without their consent, merely by visiting another's home.

65.     The same would shock and offend such reasonable person's sense of decency, trust, privacy, and personal agency.

66.     As a result of Jonathan's actions, Plaintiffs were harmed and suffer from mental anguish, embarrassment, and fear that the videos or images have been or will be disseminated further to the public.

67.     Each of the foregoing intentional acts, singularly or with others, constitutes an invasion of Plaintiffs' privacy in the form of intrusion upon seclusion.

68.     Shane and Melissa are liable under this claim because they acted in concert with Jonathan because: (a) they knew that Jonathan's conduct constituted a breach of duty and gave substantial assistance or encouragement to Jonathan; and/or (b) they gave substantial assistance to Jonathan in accomplishing a tortious result and their own conduct, separately considered,

-18-

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11

constitutes a breach of duty to the third person. Shane and Melissa acted wrongfully in this regard for the reasons alleged above in Plaintiffs' claim of negligence, including without limitation: (a) failing to warn Plaintiffs of Jonathan's perverse tendencies despite knowledge, including even after discovering their occurrence; and/or (b) destroying evidence to assist Jonathan in covering up his wrongful conduct; and/or (c) failing to exercise ordinary care and/or disclosure to social invitees.

69.    The effect of Jonathan's shocking and extensive voyeurism of his friends and social guests, along with the widespread publicity of Jonathan's conduct in news channels, has caused severe emotional distress to Plaintiffs. The severe distress has caused bodily harm, fatigue and impacted Plaintiffs' progress and experience as college students at CCU. Plaintiffs have also suffered undue stress, severe mental distress, mental anguish, loss of enjoyment of life, and other noneconomical losses.

70.    Plaintiff's damages total no less than $1,000,000 each, for a total of no less than $3,000,000. Plaintiffs shall prove the amount of their damages at trial.

71.    Defendants are jointly and severally liable on this claim.

72.    Given the willful and wanton nature of Shane and Melissa's negligence and non-disclosures, Plaintiffs should additionally be awarded punitive or exemplary damages in an additional amount to be determined by the jury.

### FOURTH CLAIM FOR RELIEF
#### (Spoilation of Evidence)
#### (Against Shane and Melissa)

73.    Plaintiffs incorporate the preceding allegations.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

74.    Shane intentionally destroyed Jonathan's hidden camera after discovering the camera at some point during, or shortly after, the March 8, 2024 weekend retreat at the Holloway Residence.

75.    The camera would have provided evidence of Jonathan's criminally and civilly wrongful conduct.

76.    Shane destroyed the evidence intentionally, knowing and believing that doing so would destroy evidence that would implicate his son and his family in criminal and civilly wrongfully behavior.

77.    After their Son's criminal behavior was discovered by the FBI, Shane and/or Melissa caused realtor photos and videos of the Holloway Residence to be removed from the Internet.  This was done intentionally for the purpose of covering up Jonathan's wrongful and criminal behavior.

78.    The destruction of evidence in this case inhibits Plaintiffs' ability to prove their case with greater certainty.

79.    As a direct and proximate result of Shane and Defendant's spoilation of evidence, Plaintiffs have suffered damages in an amount to be proven at trial.  As a direct and proximate result of Shane and Melissa's spoilation of evidence, the jury should also be instructed in this action that the jury may draw an adverse inference from these actions.

**FIFTH CLAIM FOR RELIEF**
**(Invasion of Privacy)**
**(Against all Defendants)**

80.    Plaintiffs incorporate the preceding allegations.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11

81.    Jonathan intentionally intruded on the personal privacy of Plaintiffs by taking video footage of Plaintiffs, without their consent, while using the guest bathroom at the Holloway Residence, where Plaintiffs had a right to and expectation of privacy.

82.    As a direct and proximate result of these wrongful actions, Plaintiffs have suffered from and continue to suffer from humiliation, damage to professional and personal reputation, undue stress, severe mental distress, mental anguish, loss of enjoyment of life, and other noneconomical losses.

83.    Plaintiff's damages total no less than $1,000,000 each, for a total of no less than $3,000,000. Plaintiffs shall prove the amount of their damages at trial.

84.    Given the willful and wanton nature of Shane and Melissa's negligence and non-disclosures, Plaintiffs should additionally be awarded punitive or exemplary damages in an additional amount to be determined by the jury.

85.    Defendants are jointly and severally liable on this claim for the facts and reasons alleged above.

**WHEREFORE**, Plaintiffs respectfully pray to this Court for:

a.    Economic and non-economic damages in an amount of no less than $1,000,000 per Plaintiff, for a total of no less than $3,000,000, and in such exact amount to be proven at trial;

b.    For exemplary or punitive damages in an amount to be proven at trial;

c.    For prejudgment interest on all liquidated aspects of Plaintiffs' claims, and post-judgment interest on the final judgment;

d.    For costs and disbursements;

e.    For reasonable attorney fees as allowed by the Revenge Porn Act; and

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11

    f.   such other legal and equitable relief as is just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

DATED this 30th day of April, 2025.       Respectfully submitted,

**PERKINS COIE LLP**

By: *Erick J. Haynie*
_____

    **Erick J. Haynie**, OSB No. 982482
    Admitted, U.S.D.C. Colorado
    EHaynie@perkinscoie.com
    1120 NW Couch Street
    10th Floor
    Portland, OR 97209
    Telephone:  503.727.2017
    Facsimile:  503.346.2017

    Attorneys for Plaintiffs
    JANE DOE I
    JANE DOE II
    JANE DOE III

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

156566.0001\180659354.11