IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-1364

JANE DOE I, an Oregon resident; JANE DOE II, a California resident; and JANE DOE III, a Michigan resident,

    Plaintiffs,

v.

DR. SHANE E. HOLLOWAY, M.D., a Texas resident; MELISSA HOLLOWAY, a Texas resident; JONATHAN HOLLOWAY, a Texas resident,

    Defendants.

**MOTION FOR ORDER OF DEFAULT AGAINST DEFENDANT MELISSA HOLLOWAY**

**MOTION**

Plaintiffs Jane Doe I, Jane Doe II, Jane Doe III (collectively, "Plaintiffs") hereby move the Clerk of the Court to enter an order of default in this matter as concerns Defendant Melissa Holloway. Plaintiffs do not presently move as against any other Defendant. Nor do Plaintiffs presently move the Court for entry of a default *judgment* against any party. After knowing of this proceeding for months, Mrs. Holloway was duly served on July 7, 2025 and failed to timely file her answer, which was due July 28, 2025. This motion is supported by the accompanying Declaration of Erick J. Haynie (the "Haynie Declaration").

**DISCUSSION**

**I.    Case Background**

This action arises out of the unlawful and intentional surveillance and invasion of privacy of three minor girls (college freshman) attending Colorado Christian University ("CCU") in

-1-

Lakewood, Colorado.  Complaint (ECF 1) ("Cmplt.") at ¶ 1.  Each of the Plaintiffs (Jane Doe I, Jane Doe II and Jane Doe III) were invited to Defendants' 9,000 sq./ft residential mansion located at 7800 Valcour Drive in Amarillo, Texas (the "Holloway Residence") over the weekend of March 8, 2024.  (*Id.*)  Plaintiffs were invited by Defendant Jonathan Holloway, a fellow freshman classmate at CCU at the time ("Jonathan"), and by his father Defendant Dr. Shane Holloway ("Shane") and mother, Defendant Melissa Holloway ("Melissa").  (*Id.*)  Plaintiffs had been made comfortable with the invitation by Jonathan's parents, Shane and Melissa, following the couple treating Plaintiffs to a prayer-led dinner at a Mexican restaurant in Lakewood, Colorado on February 17, 2024 during a Holloway family visit to CCU. (*Id.*)

The trip to the Holloway Residence occurred seemingly without incident as the CCU students returned to CCU on Sunday, March 10, 2024 and returned to class on Monday, March 11, 2024.  (Cmpt. ¶ 2).  In the weeks following the trip, however, Plaintiffs were shocked to discover that the FBI launched an investigation into their weekend trip to the Holloway Residence.  (*Id.*)

As Plaintiffs had learned by early April of 2024, the FBI launched an investigation concerning acts of voyeurism by Jonathan using a secret camera hidden in the guest bathroom. (Cmpt. ¶ 3). Specifically, Plaintiffs learned that the FBI was investigating Jonathan's secret videorecording of the female guests—all young, unmarried college girls—while the girls used the guest bathroom shower at the Holloway residence.  (*Id.*)  As he would ultimately admit to Plaintiffs by mid-April 2024, Jonathan had placed a hidden camera in the guest bathroom that connected wirelessly to his cell phone and which allowed him to record his female college friends while they used the bathroom, including the shower. (*Id.*)

Timberline Law Group, P.C.
7128 SW Gonzaga Street, Suite 100
Portland, Oregon 97223
Phone:  +1.541.386.6478

Unbeknownst to Plaintiffs, but as Shane and Melissa were aware long before, Jonathan had a history of pornography addiction and voyeurism. (Cmpt. ¶ 4). Shane and Melissa, however, made no disclosure to Plaintiffs at any point before (or after) all of the Defendants invited young college co-ed's to their home. (*Id.*)

During the course of events the weekend of March 8, 2024, Shane discovered the camera in the guest bathroom. (Cmpt. ¶ 5). According to Jonathan, this discovery occurred at some point during the evening of Saturday, March 9, 2024. According to Jonathan, his father destroyed the camera after finding it. Still, even after the camera was discovered, neither Shane nor Melissa made any disclosure to the young women who continued to stay in the home, and use the bathroom in question into Sunday, March 10 following church services at Hillside Christian Church, the Holloway's family church in Amarillo. (*Id.*)

On information and belief, Jonathan has been convicted of one or more crimes as concerns another guest ("Jane Doe IV"), who is a friend of Jane Doe III, and who also stayed at the Holloway Residence with Plaintiffs the weekend of March 8, 2024. (Cmpt. ¶ 6). News reports indicate that Jonathan has been convicted of related crimes and is currently in custody at Fornby State Jail. *See*, *e.g.*, MyTexasDaily.Com, "Texas man sentenced to four years for secretly recording women changing during swim and church trips" (12/21/24) (attached as Exhibit 1 to Haynie Declaration); KFDA (News Channel 10), "Amarillo man sentenced to prison for secretly recording women in bathrooms" (12/20/24) (attached as Exhibit 2 to the Haynie Declaration).

Despite multiple opportunities, Shane and Melissa have declined to engage with Plaintiffs or their families about the events at their residence and have refused to take any responsibility for

-3-

what occurred in their home. (Cmpt. ¶ 7). Plaintiffs have never filed a lawsuit of any kind, but Defendants have declined to engage in this matter and have, instead, chosen to go about their life without further discussion with Plaintiffs and Plaintiffs' families, each of whom have been traumatized by the breach of trust among friends at an outwardly Christian home in Amarillo. (*Id.*)

By this action, Plaintiffs assert various common law and statutory claims stemming from the acts of perversion and invasion of privacy at the Holloway Residence over the weekend of March 8, 2024. Plaintiffs' claims include, among other things, claims against Shane and Melissa for negligence to invitees. (Cmpt. ¶ 58). As noted above, Shane and Melissa specifically invited Plaintiffs to their home on February 17, 2024 while at a restaurant in Lakewood, Colorado and in connection with visiting with Plaintiffs at CCU. But they then stood by and said nothing, with knowledge of their son's proclivities, and even after finding the hidden bathroom camera while Plaintiffs were still present in their home.

## II.     Legal Standards

Generally, a party is in "default" if she has failed to plead or otherwise respond in a timely fashion to a pleading seeking affirmative relief against the party. See Fed. R. Civ. P. 55(a). For example, if a summons and complaint have been served on a defendant, who then fails to respond to the complaint within the allotted time, see Fed. R. Civ. P. 12(a), (b), the defendant is in default. "Entry of default is an interlocutory order—entered in anticipation of a final judgment—formally recognizing that a party 'has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure].'" *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004) (quoting Fed.R.Civ.P. 55(a)).

Timberline Law Group, P.C.
7128 SW Gonzaga Street, Suite 100
Portland, Oregon 97223
Phone:  +1.541.386.6478

**III.     The Clerk should enter a default against Melissa Holloway.**

Melissa was personally served in this matter with the summons, complaint and magistrate consent documentation on July 7, 2025.  *See* ECF 5 & 5-1.  This service was accomplished at Melissa's home in Amarillo, Texas by the Randall County Sheriff's Office.  (*Id.*)  Service of process was put in motion after the Holloway's attorney, Dennis Postiglione of Texas, declined to accept service in the matter shortly after it was filed in late April 2025.  (Haynie Decl., ¶ 3). Plaintiffs' counsel has been in touch with Defendants months before the lawsuit was filed, requesting a legal hold on August 6, 2024[1] and issuing a final settlement demand on November 24, 2024.[2]  Plaintiffs' counsel also provided the Holloway's attorney, Mr. Postiglione, a copy of the complaint in this matter on April 30, 2025.[3]  As noted, however, Mr. Postiglione declined to accept service, thereby forcing Plaintiffs to engage with law enforcement and process servers to accomplish service.  (Haynie Decl., ¶ 3).  Mrs. Holloway was then served July 7, 2025.  (ECF 5).  In short, Mrs. Holloway is well aware of this proceeding and yet has failed to appear in this action within the twenty-one (21) day period set forth in the Court's summons.  This conduct is entirely consistent with Defendants' many months of obfuscation and disrespect to their victims.

//

//

---

[1] *See* Haynie Decl., Ex. 3 (8/6/24 legal hold).
[2] *See* Haynie Decl., Ex. 4 (11/24/24 demand).
[3] *See* Haynie Decl., Ex. 5

## CONCLUSION

The Clerk of the Court should enter an order of default against Melissa Holloway, as per FRCP 55(a). Following the appearance (or non-appearance) of the remaining Defendants, Plaintiffs intend to separately move the Court for a default judgment pursuant to FRCP 55(b)(2). Defendants have never meaningfully engaged in this matter, have known of this action for months, and the time for Mrs. Holloway to respond has elapsed.

## CONFERRAL

Undersigned counsel confirms that, whether or not required by D.C.Colo.LCivR 7.1, he conferred by telephone on July 29, 2025 regarding this motion with Dennis Postiglione, an attorney from Texas for the Holloways. During that conferral, Mr. Postiglione indicated an intention to file an answer in this action, but Plaintiffs' counsel noted that any such answer is now past due.

DATED: July 29, 2025                           **TIMBERLINE LAW GROUP, P.C.**

By: */s/ Erick J. Haynie*
   **Erick J. Haynie**, OSB No. 982482
   Erick@timberlinelawgroup.com
   Timberline Law Group, P.C.
   7128 SW Gonzaga Street, Suite 100
   Portland, OR 97223
   Telephone: 541.386.6478

*Attorney for Plaintiffs*